No. 26,299.

FRANK WILLIAM HAAS, *Plaintiff*, v. J. F. HASSIG et al., etc.,
*Defendants.*

SYLLABUS BY THE COURT.

PHYSICIANS AND SURGEONS—*License to Practice—Regulation by Board.* During
a certain period, the board of medical registration and examination, as then
constituted, was guilty of favoritism in granting licenses to practice medi-
cine and surgery in this state, contrary to rules duly promulgated. The
board as it has been constituted since February, 1925, has not been guilty
of such irregularity. *Held,* the writ of mandamus will not be granted to
compel the board to violate the rules. *Held further,* the writ will not be
granted at the suit of one who has been practicing medicine in the state for
two years without permit or license, in violation of law.

Original proceeding in mandamus. Opinion filed January 9, 1926. Writ
denied.

*James B. Kelsey,* of Leavenworth, for the plaintiff.

*Charles B. Griffith,* attorney-general, and *W. C. Ralston,* assistant attorney-
general, for the defendants.

The opinion of the court was delivered by

BURCH, J.: The action is one of mandamus, to compel the state
board of medical registration and examination to issue to plaintiff a
license to practice medicine and surgery in this state.

Plaintiff was graduated from the Kansas City college of medicine
and surgery, of Kansas City, Mo., in May, 1920. In Missouri, the
state board of health has supervision over the registration of prac-
titioners of medicine and surgery. In November, 1923, after full in-
vestigation, the state board of health found the Kansas City college
to be a nonreputable medical college. The college refuses to permit
the American medical association to inspect it for purpose of classi-
fication, and is graded as a class C institution. The state board of
this state approves the classification of the American medical asso-
ciation and, by rule adopted in 1918, does not recognize class C
colleges. The licensing boards of forty-three states do not recognize
the Kansas City institution. It claims to be an eclectic medical col-
lege, but the national eclectic association does not recognize it.

The state of Arkansas has three licensing boards, one an eclectic

Mandamus, 38 C. J. pp. 575 n. 14, 676 n. 27; 18 R. C. L. 295. Physicians and
Surgeons, 30 Cyc. p. 1551 n. 45.

medical board. This board recognizes the Kansas City institution, and in 1921 granted plaintiff a license to practice in Arkansas. The Kansas board discontinued reciprocal relations with the Arkansas eclectic medical board in 1917, and has not since renewed such relations.

The Kansas statute provides for temporary permits to practice medicine and surgery. A portion of the statute follows:

"Any such temporary permit so issued shall, when recorded in the office of the county clerk in the county in which he resides, authorize the person receiving the same to practice medicine or surgery in the same manner as a permanent license up to the commencement of the next regular meeting of the state board of medical registration and examination following the date of issue when such permit shall expire: *Provided,* That neither the said board nor the secretary thereof shall have power to issue more than one temporary permit to any one person, nor to extend any such permit beyond the time herein limited." (R. S. 65-1008.)

The state board has a rule which reads as follows:

"No temporary licenses are issued in Kansas. The secretary in his discretion may issue a permit to practice until the next meeting of the board, after the application is filed and the fee paid; but not more than one such permit can be issued to any one person."

In February, 1923, plaintiff made application for a license, which was refused on the following ground:

"The eclectic medical examining board of Arkansas, being in disrepute owing to its loose methods in the past, is no longer recognized by this board, and no application for reciprocity upon the indorsement from that board will be accepted or taken up for consideration by this board until such time as the Arkansas eclectic board will prove that they are upholding the standard of the profession as adopted by the medical profession and the boards of the states in the U. S."

A change in the personnel of the Kansas board occurred in June, 1923, and on August 6, plaintiff was granted a temporary permit. The permit expired on October 9, 1923. In October, 1923, plaintiff's application for a license was rejected. He has since made several applications for license, all of which have been rejected on the ground stated when the February, 1923, application was denied. For more than two years plaintiff has been practicing medicine and surgery in this state without either temporary permit or license.

In June, 1923, twenty-four graduates of the Kansas City institution applied for licenses, on Arkansas credentials, and two of them were granted licenses. In October, 1923, eleven of those whose ap-

plications had been denied in June again applied, and two of them were granted licenses. Ten other applicants, coming from the Kansas City institution by the Arkansas route, were denied licenses. In June, 1924, thirteen of those who had been refused licenses in 1923, including plaintiff, renewed their applications, but the special means of access to the medical profession in Kansas did not function. The board as it has been constituted since February, 1925, has admitted no graduate of the Kansas City institution having only a license from the eclectic medical board of Arkansas.

Plaintiff charges the state board of medical registration and examination with abuse of discretion and arbitrary conduct discriminatory against him. It is true the board, as it was constituted from June, 1923, to February, 1925, was guilty of favoritism. It arbitrarily admitted four men in violation of its own rules. The record is barren of justification or excuse, and the influences operating to produce the result are not revealed. The present board has adhered to its rules, and what plaintiff desires is a writ of mandamus to compel it to act irregularly. The board had authority to promulgate, and has authority to enforce, the rules which exclude plaintiff from practicing medicine and surgery in Kansas. (*Jones v. Board of Medical Examination*, 111 Kan. 813, 208 Pac. 639.) The writ of mandamus will not be granted to compel a breach of those rules. Furthermore, if some dispensation were permissible, plaintiff is not a person to be considered favorably, because of his contumacy. For two years he has pertinaciously practiced medicine in this state in defiance of its laws.

The writ is denied.